IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVE BELLOT, | § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:10-cv-03643 |
| BAC HOME LOANS SERVICING, LP, | § § § § | |
| Defendant. | § § § | |

**DEFENDANT BAC HOME LOANS SERVICING, LP'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

Pursuant to Federal Rules of Civil Procedure 8, 9, and 12, Defendant BAC Home Loans Servicing, LP ("BACHLS") hereby files this Motion to Dismiss or, in the Alternative, Motion for More Definite Statement ("Motion") and respectfully states as follows:

## I.   BACKGROUND

In addition to being a copy cat pleading, *pro se* Plaintiff Bellot's Original Petition ("Complaint") is 25-pages long, littered with legal theories, grand accusations, and a lengthy alleged historical account of the fluctuations of the real estate industry.[1]  Conspicuously absent

---

[1] At the same time Plaintiff filed his Complaint, Plaintiff also filed a document entitled Preliminary Injunction. Preliminary Injunction (Dkt. No. 2).  This document is identical in all material aspects to Plaintiff's Complaint, except that the Prayer in this document only seeks injunctive relief, whereas the Prayer in Plaintiff's Complaint seeks other relief in addition to injunctive relief.  *See* Compl. (Dkt. No. 1); Preliminary Injunction (Dkt. No. 2). Because the two documents contain the same allegations and assert the same claims, BACHLS files this Motion with respect to both documents.  For clarity's sake, however, throughout this Motion BACHLS will refer to both documents collectively as the Complaint.

from the Complaint, however, is the existence of any short and plain statement which would entitle him to relief—in direct contravention of Rules 8 and 12.

Wholly devoid of meaningful or specific factual allegations, the Complaint references a multitude of purported claims including: "carefully crafted connivance," "lack of standing," "criminal conspiracy and theft," "agent practiced up-selling," "fraudulent inducement," "extra profit on sale from loan product," "lender attempting to fraudulently collect on void lien," "lender profit by credit fault swap derivatives," "false fees," "lender conspired with appraiser," "lender conspired with trustee," "business practices concerning disregarding of underwriting standards," "unjust enrichment," "quiet title," "common law fraud," and "intentional infliction of emotional distress." Furthermore, Plaintiff references several statutes such as TILA, RESPA, and the "Deceptive Practices Act," and apparently premises various other causes of action on violations of these statutes as well. Plaintiff's claims are fatally flawed in that Plaintiff neither references any elements of the purported claims nor provides any factual allegations in support thereof. Plaintiff also casually requests damages in excess of $1,045,000, and seeks the imposition of a restraining order, a permanent injunction, quiet title, rescission of the loan, disgorgement of profits, and attorneys' fees (despite Plaintiff's *pro se* status).

The Complaint should be dismissed for failure to comply with Rule 8. Alternatively, the Complaint should be dismissed for failure to state a claim for which relief can be granted pursuant to Rules 9 and 12(b)(6). Finally, in the event this Court denies the Motion to Dismiss on the aforementioned grounds, Plaintiff should be required to file a more definite statement of his claims against BACHLS pursuant to Rule 12(e).

## II. DISMISSAL IS PROPER UNDER RULE 8

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" that is "simple, concise, and direct." FED. R. CIV. P. 8(a), (d); *see also In re Westinghouse Sec. Litig*, 90 F.3d 696, 702 (3d Cir. 1996) (stating that Rule 8 "'underscore[s] the emphasis placed on clarity and brevity by the federal pleading rules'") (quotation omitted). "[T]he purposes of Rule 8 are 'to give the adverse party fair notice of the claim asserted so as to enable [it] to answer and prepare for trial,' and 'to avoid undue prolixity' so that the court and the responding party are not 'forced to select the relevant material from a mass of verbiage.'" *Lonesome v. Lebedeff*, 141 F.R.D. 397, 398 (E.D.N.Y. 1992) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). Moreover, "the basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) (citation omitted). And, a district court has the power to dismiss a complaint when a plaintiff fails to comply with Rule 8's "short and plain statement" requirement. *See Jumonville v. Dep't of Treasury*, 50 F.3d 1033, *2 (5th Cir. 1995) (holding that a "district court 'should be given great leeway in determining whether a party has complied with'" Rule 8); *Gordon v. Green*, 602 F.2d 743, 744-47 (5th Cir. 1979) (dismissing complaint containing verbose pleadings because it violated Rule 8); *Kuehl v. Fed. Deposit Ins. Corp.*, 8 F.3d 905, 908 (1st Cir. 1993) ("A district court has the power to dismiss a complaint when a plaintiff fails to comply with [Rule 8's] 'short and plain statement' requirement.") (citation omitted).

The antithesis of a short and plain statement, the Complaint fails to satisfy any requirements in Rule 8. It is excessively long and unnecessarily redundant. For example,

Plaintiff spends 4 pages describing the historical woes of the real estate industry and accusing unnamed defendants of concocting a "carefully crafted criminal connivance." *See* Compl. at 2-5; *e.g., Shell v. Bentsen*, No. Civ. A. 93-3418, 1994 WL 117769, at *1 (E.D. La. Mar. 30, 1994) (citing use of almost 20 paragraphs to show exhaustion of administrative remedies as an example of plaintiff's improper pleading). Moreover, it is readily apparent that the 25-page Complaint is a copy cat pleading whose generic and largely incomprehensible allegations do not provide fair notice of Plaintiff's claims against BACHLS. *See, e.g.*, Compl. at 20 (neglecting to edit the he/she/it construction prompting the drafter to select the appropriate pronoun); Compl. at 18, 23 (asserting allegations against and seeking to recover from "Defendants, and each of them" when BACHLS is the only defendant in the matter (note also Plaintiff's use of the plural defendants throughout the Complaint)); Compl. at 21-22 (the section of the Complaint wherein Plaintiff apparently attempts to assert a claim for breach of the implied covenant of good faith and fair dealing is entitled  "Petitioner Properly Averred a Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing," and is drafted as a response to a motion to dismiss, not as a complaint stating a claim).

Noticeably absent from Plaintiff's ramblings are *any* specific references to actionable conduct by BACHLS or specific factual allegations otherwise implicating BACHLS. Rather, the Complaint elusively refers to legal jargon such as "criminal conspiracy and theft," "special purpose vehicle," "agent practiced up-selling," "fraudulent inducement," "extra profit on sale of predatory loan product," "lender profit by credit fault swap derivatives," and "business practices concerning disregarding of underwriting standards," and it is impossible to discern whether Plaintiff's attempt at legalese is mere rhetoric, or whether Plaintiff intends to pursue such

"claims" against BACHLS.  Forcing BACHLS to answer or otherwise respond to this Complaint "would fly in the face of the very purposes for which Rule 8 exists."  *Lonesome*, 141 F.R.D. at 398.  Thus, the Complaint should be dismissed for failure to comply with Rule 8.  *See Kuehl*, 8 F.3d at 906, 908 (holding that dismissal was proper where plaintiffs' 43-page complaint contained 358 paragraphs and was "excessively long and unnecessarily redundant"); *see also Shell*, 1994 WL 117769, at *1 (dismissing plaintiff's discrimination claims pursuant to Rule 8 because 31-page, 80-paragraph complaint was "overly repetitive and lengthy" and contained irrelevant material).

### III.   DISMISSAL IS PROPER UNDER RULE 9

Plaintiff appears to allege purported claims for "fraudulent inducement," "lender attempting to fraudulently collect on void lien," "common law fraud," and other various allegations of fraudulent conduct.  *See* Compl. at 9-10, 20-21.  Plaintiff's specious "fraud" claims are wholly deficient.  To prevail on a fraud claim, a plaintiff must allege and prove:

> (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

*In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001).  Moreover, fraud claims are subject to the heightened pleading requirements of Rule 9(b), which requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.  *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 653 F. Supp. 2d 669, 675 (N.D. Tex. 2009); *see also U.S. ex rel Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) ("At a minimum, Rule 9(b)

requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud.") (quotation omitted).

Here, Plaintiff fails to state the "who, what, when, where and how" of the fraud in direct contravention of Rule 9(b). *Thompson*, 125 F.3d at 903. In fact, Plaintiff alleges no facts whatsoever involving BACHLS's conduct—let alone facts which would satisfy Rule 9's particularity requirement or relate to the aforementioned elements. Thus, Plaintiff's purported "claims" for "fraudulent inducement," "lender attempting to fraudulently collect on void lien," and "common law fraud" must be dismissed. *See Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993) (treating motion to dismiss under Rule 9(b) the same as Rule 12(b)(6) motion).

### IV. DISMISSAL IS PROPER UNDER RULE 12(B)(6)

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). Mere labels, conclusory allegations, and "a formulaic recitation of the elements of a cause of action will not" suffice. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint should be dismissed if either (1) it fails to assert a cognizable legal theory, or (2) the facts asserted are insufficient to support relief under a cognizable legal theory. *See Stewart Glass & Mirror, Inc. v. U.S.A. Glas, Inc.*, 940 F. Supp. 1026, 1030 (E.D. Tex. 1996).

#### A. Plaintiff's Conspiracy Claims Should Be Dismissed.

Plaintiff appears to assert purported claims for "carefully crafted connivance," "criminal conspiracy and theft," "lender conspired with appraiser," and "lender conspired with trustee" (the "Conspiracy Claims"). *See* Compl. at 2-6, 9, 13. Because Plaintiff's purported claim for "carefully crafted connivance" fails to assert a cognizable legal theory, that "claim" should be dismissed. *See*

*Stewart Glass & Mirror*, 940 F. Supp. at 1030. The remaining Conspiracy Claims are likewise fatally flawed because Plaintiff alleges no facts to support them. Specifically, to avoid dismissal, Plaintiff must tie factual allegations to the following elements: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as a proximate result." *See Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005). In apparent support of the conspiracy allegations, Plaintiff alleges only that: "Petitioner has been harmed . . . by people acting in concert and collusion" (Compl. at 2); "Defendants have concocted a carefully crafted connivance wherein Lender conspired with Agents" (Compl. at 6); "Lender . . . conspired with appraiser for purpose of preparing an appraisal with a falsely stated price" (Compl. at 13); and "Lender conspired with the trust Agent at closing to create a condition of stress" (Compl. at 13). These bare-bones allegations are nearly identical to the conspiracy allegation that the Supreme Court held to be insufficient in *Twombly*. *See* 550 U.S. at 564-65 (stating that allegation that defendants "'entered into a contract, combination, or conspiracy to prevent competitive entry'" was conclusory and not entitled to assumption of truth). As such, Plaintiff's Conspiracy Claims should be dismissed as well.

**B.     Plaintiff's Unjust Enrichment Claims Should Be Dismissed.**

Plaintiff also appears to allege purported claims for "unjust enrichment," "extra profit on sale from loan product," "lender profit by credit fault swap derivatives," "business practices concerning disregarding of underwriting standards," and "agent practiced up-selling" (the "Unjust Enrichment Claims"). Compl. at 9, 11, 15, 18. To prevail on an unjust enrichment claim, a plaintiff must show that the defendant "obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *See Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.

1992).  None of these claims assert a cognizable theory of recovery, and the elements of the cause of action are not pled.  Nor does the Complaint set forth any factual allegations to support the purported causes of action.  Thus, the Unjust Enrichment Claims are likewise subject to dismissal.

C. **Plaintiff's Lack of Standing and Quiet Title Claims Should Be Dismissed.**

Plaintiff appears to allege that Defendants lack standing to enforce an unspecified note and deed of trust, and he purports to assert a cause of action for quiet title.  Compl. at 7-8, 18-19.  To prevail on a quiet title claim, a plaintiff "must show [1] ownership of the disputed property[;] and [2] that the alleged adverse claim is a cloud on title that equity will remove."  *See Johnson v. Williams*, No. 01-05-00445-CV, 2006 WL 1653656, *4 (Tex. App.—Houston [1st Dist.], June 15, 2006, pet. denied).  However, Plaintiff does not address the elements of this cause of action, and lack of standing does not constitute a cognizable theory of recovery.  Nor do any factual allegations in support of these claims appear in the Complaint.  Accordingly, the foregoing claims should be dismissed.

D. **Plaintiff's Intentional Infliction of Emotional Distress Claim Should Be Dismissed.**

Plaintiff appears to allege a cause of action for intentional infliction of emotional distress ("IIED").  Compl. at 23.  To prevail on a claim for IIED, a plaintiff must establish: (1) defendant acted intentionally or recklessly; (2) plaintiff suffered severe emotional distress; (3) defendant's conduct was extreme and outrageous; and (4) defendant's conduct proximately caused plaintiff's emotional distress.  *See Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006).  Plaintiff does not plead a single one of these elements, nor does he assert any factual allegations whatsoever in support of these elements.  Thus, the IIED claim should be dismissed.

E. **Plaintiff's RESPA, TILA, and Deceptive Practices Act Claims Should be Dismissed.**

Plaintiff appears to allege causes of action for violations of RESPA, TILA, and the

Deceptive Practices Act under 15 U.S.C. § 45. Compl. at 12, 14, 22. However, the Complaint does not contain a recitation of the elements of each of these claims, nor does the Complaint describe how the factual allegations specifically relate to each element. Moreover, Plaintiff fails to identify the specific statutory provisions he contends were violated. The factual allegations are wholly inadequate to support a claim for relief because they identify no specific conduct by BACHLS that would give rise to a claim for relief under any of these provisions, and are just the type of claims that *Twombly* and its progeny are designed to preclude. Accordingly, these claims should be dismissed.

F.  **Plaintiff's Negligence, Breach of Fiduciary Duty, and Breach of the Implied Covenant of Good Faith and Fair Dealing Should be Dismissed.**

Plaintiff appears to allege causes of action for negligence, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing. Compl. at 19-21. As a threshold matter, these claims all fail because they are premised on the fatally flawed claims for violations of TILA and RESPA, as discussed *supra*. Moreover, Plaintiff fails to allege one or more of the elements of these causes of action. To state a claim for negligence, a plaintiff must allege the following elements: (1) defendant owed plaintiff a duty of care; (2) defendant breached its duty of care; and (3) the breach proximately caused Plaintiff's injury. *See Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). Here, Plaintiff fails to allege that defendants breached a duty at all, much less any facts enunciating how such purported duty was breached. Thus, the negligence cause of action fails.

The breach of fiduciary duty claim similarly fails. To prevail on his claim for breach of fiduciary duty, Plaintiff must show: (1) a fiduciary relationship existed between Plaintiff and BACHLS; (2) BACHLS breached its fiduciary duty to Plaintiff; and (3) as a result of BACHLS'

alleged breach, either Plaintiff was injured or BACHLS benefited.  *See Kelly v. Gaines*, 181 S.W.3d 394, 414 (Tex. App.—Waco 2005), *rev'd on other grounds*, 235 S.W.3d 179 (Tex. 2007).

Here, Plaintiff alleges in his typical conclusory fashion that the "Defendants" owed him a fiduciary duty.  He does not allege the existence of a fiduciary relationship; in fact, he alleges no facts indicating any relationship with BACHLS at all.  Thus, Plaintiff has failed to state a claim for breach of fiduciary duty.

Nor has Plaintiff stated a claim for breach of an implied covenant of good faith and fair dealing.[2]  Assuming *arguendo* that any such covenant exists in this context, it is axiomatic that it is dependent upon the existence of a contract between parties, as Plaintiff concedes in his Complaint. Compl. at 21;  *see also Arnold v. Nat. County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987); *Herndon v. First Nat'l Bank of Tulia*, 802 S.W.2d 396, 399 (Tex. App.—Amarillo 1991, writ denied).  However, the Complaint does not allege the existence of *any* contract between Plaintiff and BACHLS.  In fact, Plaintiff alleges the *opposite*—that BACHLS is not a party to the contract. Compl. at 5-8.  Thus, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing also fails.

### V.   ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT IS PROPER UNDER RULE 12(E)

In the alternative, BACHLS requests that the Court order Plaintiff to file a more definite statement to cure the pervasive pleading deficiencies in the Complaint.  A motion for more definite statement is proper when "a complaint is ambiguous or does not contain sufficient

---

[2] The section of the Complaint wherein Plaintiff apparently attempts to assert a claim for breach of the implied covenant of good faith and fair dealing is entitled  "Petitioner Properly Averred a Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing," and is drafted as a response to a motion to dismiss, not as a complaint stating a claim.

information to allow a responsive pleading to be framed." *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999); *see* FED. R. CIV. P. 12(e). Here, the vague, indefinite, ambiguous, and conclusory allegations discussed in Sections II - IV, *supra*, deprive BACHLS of fair and adequate notice of Plaintiff's claims against it and effectively prevent BACHLS from being able to mount any kind of defense. As a defendant, BACHLS is expected to respond to the Complaint in short and plain terms, asserting defenses and admitting or denying the averments upon which Plaintiff relies. *See* FED. R. CIV. P. 8(b). But the Complaint, in its current form, does not provide allegations sufficiently definite to determine the factual and legal bases of Plaintiff's purported claims. BACHLS therefore cannot frame a responsive pleading under Rule 8(b) without making far-fetched assumptions regarding Plaintiff's allegations, which BACHLS is not required to do. Thus, relief under Rule 12(e) is warranted.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, BACHLS respectfully requests that the Court dismiss the Complaint for failure to comply with the "short and plain statement" requirement imposed by Rule 8 and for failure to state a claim upon which relief can be granted under Rules 9 and 12(b)(6). In the alternative, BACHLS requests that the Court require Plaintiff to file a more definite statement pursuant to Rule 12(e). Defendant BACHLS further requests that the Court grant BACHLS all further relief at law and in equity to which it may be justly entitled.

Respectfully submitted,

  /s/ Robert T. Mowrey (by permission M.K.H.) ___
Robert T. Mowrey
   State Bar No. 14607500
C. Don Clayton
   State Bar No. 24027932
Matthew K. Hansen
   State Bar No. 24065368
**LOCKE LORD BISSELL & LIDDELL LLP**
2200 Ross Avenue, Suite 2200
Dallas, TX 75201-6776
(214) 740-8000 (Telephone)
(214) 740-8800 (Telecopy)


**ATTORNEYS FOR DEFENDANT BAC HOME LOANS SERVICING, LP**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on this the 5th day of November, 2010, on the following party, via certified mail, return receipt requested:

Dave Bellot, *Pro Se* Plaintiff
3827 Garden Way
Missouri City, TX 77459


  /s/ Matthew K. Hansen_____
Matthew K. Hansen